UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER RILEY,**

                **Plaintiff,**

v.                                                           Case No: 6:22-cv-1415-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

**MEMORANDUM OF DECISION**

**THIS CAUSE** is before the Court on Christopher Riley's (Claimant's) appeal of an administrative decision denying an application for disability insurance benefits and supplemental security income. Following a hearing, the Administrative Law Judge (ALJ) issued an unfavorable decision finding that Claimant is not disabled. The Appeals Council denied Claimant's request for review. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

    **I.**    **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de*

*novo.*" *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

The revised regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

## II.     Issues on Appeal

Claimant raises one issue on appeal: The ALJ arrived at the ALJ's own Residual Functional Capacity (RFC) finding and erred in disregarding all medical opinion evidence. Doc. 18.

## III.    Discussion

The ALJ found that Claimant has the following severe impairments: Spine disorder; migraines; bipolar disorder; schizophrenia spectrum disorder; generalized anxiety disorder; post-traumatic stress disorder; attention-deficit hyperactivity disorder; and fibromyalgia. R. 17-18. The

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

ALJ determined that Claimant has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except:

> **he could occasionally climb, balance, stoop, kneel, crouch and crawl. He could never work in loud or very loud environments. He must avoid concentrated exposure to workplace hazards such as moving machinery, moving mechanical parts and unprotected heights. He can frequently handle and finger with the bilateral upper extremities. He can understand and remember simple instructions. He can maintain concentration, persistence and pace over the course of a normal 8-horu [sic] workday to perform simple tasks. He can frequently interact with coworkers, supervisors and the general public. He can successfully complete the initial training and probationary period after which he can respond appropriately to infrequent changes in work setting.**

R. 20.

Claimant challenges this RFC. Specifically, Claimant argues that the ALJ improperly substituted his judgment of the Claimant's condition and created his own medical opinion. Doc. 18. According to Claimant's memorandum, there are two medical opinions in the claims file estimating Claimant's RFC: (1) Dr. David Guttman's April 30, 2021 opinion, wherein he opined that Claimant was limited to standing and/or walking two hours out of an eight-hour workday; and (2) Dr. Sharmishtha Desai's July 7, 2021 opinion as to the same limitation. *Id*. at 5, citing T 137, 162. Claimant adds that Dr. Roberto Gonzalez opined on April 14, 2021, that Claimant needed a cane for ambulation, his gait was abnormal with and without an assistive device, an assistive device was necessary for support, and Claimant was cooperative during gate testing. *Id*. at T 648.

Despite these opined limitations, Claimant contends that the ALJ came up with an RFC based on his lay interpretation of the record. *Id*. at 6. While Claimant states that it does not appear that the ALJ evaluated Dr. Desai's opinion,[2] the ALJ found the following with respect to the other physicians:

---

[2] Claimant states that "[i]t does not appear that he discussed the opinion of Dr. Desai although he cited Exhibit C7A." Doc. 18 at 5.

> Dr. Gonzalez, the consultative examiner, opined that the Claimant could occasionally stand, sit, and walk in an 8-hour workday. He has a limited ability to bend or stoop. He could lift and carry 5-10 pounds occasionally. He has limitations in mentation. He ambulated with difficulty and the assistive device that he used appeared to be medically required (Exhibit C11F/7). Dr. Gonzalez also opined that a cane was medically necessary for support when standing and walking used in the right upper extremity noting that the extremity was not limited in any way (Exhibit C11F/11). I found this opinion unpersuasive because it is not well supported or consistent with the evidence. There is no indication of the objective signs relied upon in reaching the conclusion and the conclusions were based on a one-time assessment without review of other records. Limiting lifting to less than 5 pounds is inconsistent with the exam findings showing 5/5 grip strength and 4+/5 extremity strength with no muscle atrophy and intact range of motion with no joint deformity. The treatment notes dated since the alleged onset date do not indicate use of a cane is necessary and his medical provider did not prescribed the cane.
>
> ***
>
> Dr. David Guttman opined that the Claimant could perform light work with 2 hours of total standing/walking and frequent postural movements with only occasional climbing of ladders, ropes, or scaffolds (Exhibit C4A, C7A). I found this opinion partially persuasive. The cited exam findings showing intact grip strength, 4+5 extremity strength, and intact range of motion is consistent with light work. However, the evidence does not support limiting standing/walking to 2 hours. As outlined above, the evidence shows 4+/5 lower extremity strength at the one-time consultative exam but the treatment notes do not indicate significant back, hip or lower extremity disorder such that a cane is necessary or that standing is limited to only 2 hours total. The reports of the consultative examiner indicating difficulty getting in and out of chair with inability to walk on heels or toes, or squat is inconsistent with the other exam findings showing normal range of motion in all joint with no deformities and motor strength at 4+/5. Moreover, there has been no specialist orthopedic or rheumatology treatment and the primary care treatment has been conservative consisting of Gabapentin.

R. 27.

Considering this analysis, Claimant states that the ALJ did not adopt one medical opinion over another but, instead, disregarded all medical opinion evidence in ascertaining the RFC. Claimant asserts that the ALJ did not properly evaluate the medical opinion evidence and if the ALJ had "reservations," he could have ordered a consultative medical exam to include a complete

RFC; ordered a medical advisor to appear at the hearing to give testimony; or sent interrogatories to a medical advisor.  Doc. 18 at 6.

The Court finds that the Commissioner's decision is due to be affirmed.  It seems Claimant's position on appeal is that the ALJ erred because there is no medical opinion to support the RFC, as the ALJ found the opinions of Drs. Guttman and Gonzalez less than persuasive.  In doing so, Claimant argues that the ALJ improperly arrived at his own RFC with no support.  Indeed, an ALJ cannot substitute his judgment for that of the medical sources, but there is no requirement that an RFC must be based on a physician's opinion.  *See Green v. Soc. Sec. Admin.*, 223 Fed. App'x 915, 923 (11th Cir. 2007) (rejecting a claimant's argument that the ALJ's RFC must be based on a physician's opinion and finding that the ALJ did not substitute his judgment for that of the physician by determining that the opinion was inconsistent with the medical evidence); *see also Drew v. Kijakazi*, 2022 WL 4463585, at *6) ("Plaintiff does not cite to any persuasive or binding authority to support his proposition that the ALJ was required to obtain opinion evidence about Plaintiff's physical limitations as specifically related to the RFC limitations.").  Even though the ALJ considers medical opinions in assessing the RFC, it is the ALJ's responsibility to determine the ultimate issue of the Claimant's RFC, and not the physicians. The ALJ did not usurp the role of Drs. Guttman and Gonzalez by evaluating the opinions.

Also, the Court finds that the ALJ did not impermissibly substitute his own judgment.  The ALJ might have done so if the ALJ "relied on the appearance of the claimant at the time of the hearing," *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) or "arbitrarily substitute[d] his own hunch or intuition," *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).  This is the authority Claimant relies upon, but in the instant case the ALJ properly evaluated the evidence in the record.

Particularly, the ALJ discussed the Claimant's testimony, a psychological consultative report, Claimant's reports to physicians, Claimant's medical records, a psychological consultative report, and non-medical sources' third-party statements.  R. 20-26.  The ALJ evaluated five physician's medical opinions and findings including (1) Dr. Jamaleddine—Claimant's primary care provider; (2) Dr. Guttman—state agency medical consultant; (3) Dr. Gonzalez—consultative physical examiner; (4) Dr. Weber—state agency psychological consultant; and (5) Dr. Bruno—state agency psychological consultant.  The ALJ appropriately considered the evidence of record, including Drs. Guttman and Gonzalez's opinions, in setting forth the RFC.  An ALJ does not impermissibly assume the role of a doctor by viewing the record evidence as a whole and making an RFC determination.  *See Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive"); *Williams v. Comm'r, Soc. Sec. Admin.*, 580 F. App'x 732, 734 (11th Cir. 2014) (explaining that "the ALJ may reject the opinion of *any* physician when the evidence supports a contrary conclusion") (emphasis in original)*; Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) (holding that "the ALJ did not 'play doctor' in assessing Mr. Castle's RFC, but instead properly carried out his regulatory role as an adjudicator responsible for assessing Mr. Castle's RFC.").

Further, Claimant does not challenge the ALJ's finding regarding the persuasiveness, or lack thereof, of Drs. Guttman and Gonzalez's opinions.  To the extent that the memorandum can be construed to include such an argument, Claimant did not adequately raise the issue and it is, therefore, deemed waived.  *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

Similarly, to the extent Claimant attempts to raise a separate argument that the ALJ erred in not discussing the persuasiveness of Dr. Desai's opinion, the Court finds that Claimant did not sufficiently do so.  Even though Claimant includes Dr. Desai's purported opinion in his contention that the ALJ substituted a lay opinion for that of the physicians, Claimant's memorandum includes no sufficient argument that the ALJ was required to discuss the persuasiveness of that opinion.  Thus, any such argument is waived.[3]

Finally, Claimant's statement that the ALJ should have ordered a consultative examination, ordered a medical advisor to testify at the hearing, or sent interrogatories is cursory in nature and adds nothing to the analysis.  Though the claimant bears the burden of providing medical evidence showing he is disabled, the ALJ is charged with developing a full and fair record.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  When the claimant demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted.  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (quoting *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995)).

Here, there is no showing of gaps and, instead, the record contains sufficient evidence for the ALJ to evaluate the RFC.  An ALJ need not obtain additional information, seek expert medical testimony, nor order a consultative examination when the record is sufficient to make a disability

---

[3] The Court notes that according to Claimant's memorandum, Dr. Desai opined that Claimant could stand and/or walk for a total of two hours.  Doc. 18 at 5, citing T. 162.  Dr. Guttman's RFC, however, appears at that citation in the record.  Instead, Dr. Desai's July 7, 2021 report reflects that there was insufficient evidence to make an assessment as to the severity of Claimant's physical impairment.  *See* R. 180-81, 192-93.  The Commissioner argues, without dispute, that Dr. Desai had no prior administrative medical findings for the ALJ to evaluate.

determination. *See Sarria v. Comm'r of Soc. Sec.,* 579 F. App'x 722, 724 (11th Cir. 2014) (holding ALJ not required to order additional medical examination to develop a full and fair record where existing evidence supported ALJ's findings). To the extent that Claimant argues that the ALJ failed to develop the record, the claim is perfunctory and meritless.

In sum, the ALJ decided the record on a whole, which was neither incomplete nor inadequate, and the ALJ committed no error in formulating the RFC from the record. Substantial evidence supports the ALJ's decision.

### IV.  Conclusion

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and
2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE AND ORDERED** in Orlando, Florida on April 11, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE